1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                     FOR THE EASTERN DISTRICT OF CALIFORNIA

8   JOSE VALDEZ,

9              Petitioner,                    No. 2:09-cv-0681 JFM (HC)

10        vs.

11  D. K. SISTO, et al.,

12             Respondents.                   ORDER

13  _____/

14             Petitioner is a state prisoner proceeding through counsel with an application for a

15  writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Both parties have consented to proceed

16  before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  On August 5, 2002, petitioner

17  pled guilty to the manufacture of methamphetamine, possession of methamphetamine, and

18  possession of ammunition by a felon and admitted a prior strike conviction.  (Lod. Docs. 1-2.)

19  Petitioner was sentenced to a determine state prison term of sixteen years and eight months.  (Id.)

20  This matter is before the court on respondents' motion to dismiss.  Respondent contends that

21  petitioner's claims are barred by the statute of limitations and must be dismissed.

22  I.  Statute of Limitations

23             Section 2244(d) of Title 28 of the United States Court contains a statute of

24  limitations for filing a habeas petition in federal court:

25             (d)(1) A 1-year period of limitation shall apply to an application for
               a writ of habeas corpus by a person in custody pursuant to the
26  /////

                                                1

1     judgment of a State court. The limitation period shall run from the
2     latest of–

3     (A) the date on which the judgment became final by the conclusion
      of direct review or the expiration of the time for seeking such
      review;

4

5     (B) the date on which the impediment to filing an application
      created by State action in violation of the Constitution or laws of
      the United States is removed, if the applicant was prevented from
6     filing by such State action;

7     (C) the date on which the constitutional right asserted was initially
      recognized by the Supreme Court, if the right has been newly
8     recognized by the Supreme Court and made retroactively
      applicable to cases on collateral review; or
9

10    (D) the date on which the factual predicate of the claim or claims
      presented could have been discovered through the exercise of due
      diligence.
11

12    (2) The time during which a properly filed application for State
      post- conviction or other collateral review with respect to the
      pertinent judgment or claim is pending shall not be counted toward
13    any period of limitation under this subsection.

14   28 U.S.C. § 2244.  The following facts are relevant to the statute of limitations analysis.

15          1. On December 11, 2003, the judgment was affirmed by the California Court of

16   Appeal, Third Appellate District.  (Lod. Doc. 2.)

17          2. Petitioner sought review in the California Supreme Court, which was denied

18   on February 18, 2004.  (Lod. Docs. 3-4.)

19          3. Petitioner filed a petition for writ of certiorari in the United States Supreme

20   Court on May 3, 2004, which was denied on October 4, 2004.  (Lod. Doc. 5.)

21          4. On June 1, 2006, petitioner signed a petition for writ of habeas corpus,[1] which

22   was filed in the Tehama County Superior Court.  (Lod. Doc. 6.)  That petition was summarily

23   denied on August 8, 2006.  (Lod. Doc. 7.)

24

25          [1] The court has used the dates petitioner signed and dated each of the petitions as the
     filing date for each petition, pursuant to the mailbox rule.  See Houston v. Lack, 487 U.S. 266
26   (1988).

2

1    5. On October 15, 2006, petitioner signed a petition for writ of habeas corpus that

2 was filed in the California Court of Appeal, Third Appellate District.  (Lod. Doc. 8.)  The Court

3 of Appeal denied the petition without comment on November 9, 2006.  (Lod. Doc. 9.)

4    6. On November 16, 2006, petitioner signed a petition for writ of habeas corpus

5 filed in the California Supreme Court.  (Lod. Doc. 10.)  That petition was denied on May 9,

6 2007, citing In re Robbins, 18 Cal.4th 770, 780 (1998).  (Lod. Doc. 11.)

7    7. On October 15, 2007, petitioner signed a petition for writ of habeas corpus

8 filed in the Tehama County Superior Court.  (Lod. Doc. 12.)  On October 22, 2007, the petition

9 was denied, stating the following reasons:

10    1) Some issues could have been raised on appeal and, therefore,
      are not subject to review by writ.  [People v. Senior (1995) 33

11    Cal.App.4th 531, 537.]

12    2) Petitioner has previously filed a Petition for Writ of Habeas
      Corpus.  This Petition fails to explain why these issues were not

13    addressed in the prior Petition.  [In re Clark (1993) 5 Cal.4th 750,
      774-775.]

14
      3) Petitioner was sentenced in 2002.  Blakely v. Washington

15    (2004) 542 U.S. 296 was decided by the U.S. Supreme Court in
      2004.  Therefore, this sentence was not subject to the decision of

16    Cunningham v. California (2007) 549 U.S. 1053.

17 (Lod. Doc. 13.)

18    8. On November 6, 2007, petitioner signed a petition for writ of habeas corpus

19 filed in the California Court of Appeal, Third Appellate District.  (Lod. Doc. 14.)  On January 17,

20 2008, the petition was denied citing People v. Black, 21 Cal.4th 799, 812 (2007).  (Lod. Doc.

21 15.)

22    9. On April 15, 2008, petitioner signed a petition for writ of habeas corpus filed

23 in the California Supreme Court.  (Lod. Doc. 16.)  On September 17, 2008, the petition was

24 denied without comment.  (Lod. Doc. 17.)

25    10. On February 19, 2009, petitioner signed and dated the petition filed in the

26 instant action.

1        Petitioner's conviction became final on October 4, 2004, the date the United

2   States Supreme Court denied his petition for writ of certiorari.  See Valdez v. California, 543

3   U.S. 829 (2004).  The statute of limitations started to run on petitioner's federal habeas corpus

4   claims the next day, October 5, 2004.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

5   Petitioner had until October 4, 2005 to file a federal petition, absent any time for tolling.

6        The statute of limitations is tolled from the time the first state habeas petition is

7   filed until the California Supreme Court rejects the final collateral challenge.  Nino v. Galaza,

8   183 F.3d 1003, 1006 (9th Cir. 1999).  However, the act's "statute of limitations is not tolled from

9   the time a final decision is issued on direct state appeal and the time the first state collateral

10  challenge is filed because there is no case 'pending' during that interval."  Id.  In Carey v.

11  Saffold, 536 U.S. 214 (2002), the United States Supreme Court held that the limitation period is

12  statutorily tolled during one complete round of state post-conviction review, as long as such

13  review is sought within the state's time frame for seeking such review.  Id., 536 U.S. at 220, 222-

14  23; see also Nino, 183 F.3d 1006.  State habeas petitions filed after the one-year statute of

15  limitations has expired do not revive the statute of limitations and have no tolling effect.  See

16  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jimenez v. Rice, 276 F.3d 478, 482

17  (9th Cir.2001).

18       Here, petitioner filed his first state court petition on June 1, 2006, almost eight

19  months after the limitations period had expired.  None of petitioner's subsequent state court

20  filings restarted the limitations clock.  Jiminez, 276 F.3d at 482.  Accordingly, the petition is

21  time-barred absent equitable tolling.

22       In his opposition, while his argument is difficult to discern, it appears petitioner

23  asserts that the limitations period applicable to this action commenced pursuant to

24  § 2244(d)(1)(C) when the United States Supreme Court issued its decision in Cunningham v.

25  California, 548 U.S. 270 (2007) on January 22, 2007, or pursuant to § 2244(d)(1)(D), because he

26  was not aware of this claim until the Cunningham opinion issued.  However, these arguments

1    must be rejected as the Ninth Circuit Court of Appeals has found that in <u>Cunningham</u>, the

2    Supreme Court did not recognize a new constitutional right.  <u>Butler v. Curry</u>, 528 F.3d 624, 636-

3    639 (2008).  These sentencing issues were addressed by the United States Supreme Court prior to

4    the October 4, 2004 date petitioner's conviction became final.  <u>Apprendi v. New Jersey</u>, 530 U.S.

5    466 (2000); <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).  Because <u>Cunningham</u> applied the

6    <u>Blakely</u> rule, its publication date was not "the date on which the constitutional right asserted was

7    initially recognized by the Supreme Court." 28 U.S.C. § 2244(d)(1)(C).  Moreover, petitioner

8    became aware of the factual predicate of his claim at the time he was sentenced, so he is not

9    authorized a later start of the limitations period under 28 U.S.C. § 2244(d)(1)(D).  Thus,

10   <u>Cunningham</u> had no effect on the statute of limitations deadline in petitioner's case.

11          Finally, the court has considered whether petitioner may be entitled to equitable

12   tolling.  The Ninth Circuit has held that AEDPA's one-year limitation may be equitably tolled

13   because § 2244(d) is a statute of limitations and not a jurisdictional bar.  <u>See Calderon v. United</u>

14   <u>States Dist. Ct. for Cent. Dist. of Cal. (Beeler)</u>, 128 F.3d 1283, 1288-89 (9th Cir. 1997),

15   overruled in part on other grounds by <u>Calderon v. United States Dist. Ct.</u>, 163 F.3d 530, 540 (9th

16   Cir. 1998)).  Equitable tolling presents a "high hurdle" for petitioners, however, and should be

17   invoked only if extraordinary circumstances beyond a prisoner's control make it impossible for

18   him to file a timely petition.  <u>See id</u>. at 1289; <u>Calderon v. United States District Court (Kelly)</u>,

19   127 F.3d 782, 786 (9th Cir. 1997).  "[A] litigant seeking equitable tolling bears the burden of

20   establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some

21   extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 & n.8

22   (2005).  Equitable tolling will be unavailable in most cases.  <u>See Corjasso v. Ayers</u>, 278 F.3d

23   874, 877 (9th Cir.2002); <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir.1999).

24          Here, petitioner has not alleged any wrongful conduct or claimed the existence of

25   any extraordinary circumstances beyond his control which made it impossible to file a timely

26   petition.  Therefore, petitioner is not entitled to equitable tolling.  Given that over three years and

1 three months elapsed beyond the statute of limitations period, it is unlikely petitioner would be

2 entitled to equitable tolling for that lengthy period of time.

3              In accordance with the above, IT IS HEREBY ORDERED that:

4              1.  Respondents' May 7, 2009 motion to dismiss is granted; and

5              2.  This action is dismissed with prejudice.

6 DATED:  October 8, 2009.

7

8 _____
  UNITED STATES MAGISTRATE JUDGE

9

10 001; vald0681.mtd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26